ADAH A. PUTNAM, appellant,

*v.*

LYDIA A. CLARK et al., respondents.

1. A complainant, being excluded as a witness in the proceeding in equity, because one of the adverse parties stands before the court in a representative capacity, cannot retry the same issue in a court of law, after an adverse decree in the chancery suit.

2. The fact that she can be a witness in the second suit, and could not in the first, will not give such right.

3. The doctrine of *res judicata* discussed.

On appeal from a decree based on the following opinion of Vice-Chancellor Van Fleet:

The question to be decided is raised by a plea to the bill of complaint. The argument was, in effect, a demurrer to the plea, the discussion turning solely on the question whether the facts stated in the plea, if true, were a sufficient ground for dissolving the injunction, to which, taking the bill of complaint by itself, it was not denied that the complainants were entitled.

The bill was filed to restrain the prosecution of an action of detinue in the supreme court of this state, brought by Adah A.

Putnam against Lydia A. Clark, for the possession of a bond and mortgage dated June 21st, 1869, for $12,000, made to the said Adah by Jane and John M. Mackay, and which are alleged, by means of several subsequent assignments, to have become the property of Lydia A. Clark. The claim of Mrs. Putnam to the possession of the same bond and mortgage, has been recently litigated in this court, and adjudged against her. The action of detinue begun since the litigation here was finally decided, is sought to be restrained by the defendants in the former suit, on the ground that the asserted claim is *res adjudicata.* The defendants in that suit invoke the principle of the maxim, *nemo debet bis vexari pro una et eadem causa.* This principle seems to me to be clearly applicable to the present controversy, and I must therefore advise that the injunction be retained.

The bond and mortgage were, on or about the 1st of April, 1871, delivered by Mrs. Putnam to William C. Barrett, a counselor-at-law in New York, with a deed of assignment therefor, duly executed and acknowledged, which deed of assignment was subsequently found by Mrs. Putnam to have been recorded with the name of William C. Barrett as grantee therein, instead of the name of William Ramsay, to whom she says it was, in fact, originally drawn, to whom it was meant by her to go, and from whom she was to receive, through Barrett, her attorney, the full consideration therefor. Barrett having afterwards absconded while she supposed the papers so assigned were still in his hands, undelivered, she became apprised of the assignment being on record, and of the subsequent transfer, through several intermediate purchasers, of the bond and mortgage to Lydia A. Clark, one of the complainants in this suit, and one of the defendants in the former one. Mrs. Putnam alleges that Barrett fraudulently erased the name of Ramsay from the assignment, and inserted his own ; that he deceived her by falsehoods, and that, notwithstanding the payment of full value, without notice on the part of Mrs. Clark, she never parted with her title to the securities, and ought now to recover them from Mrs. Clark, to whose possession they have come.

The bill of complaint exhibited by Mrs. Clark sets out the

proceedings in the former litigation in this court for the recovery of the securities, and shows that the action of detinue is for the same securities on the same asserted title, and between the same parties. It was not disputed on the argument that, taking the bill by itself, the injunction which is prayed for should issue, but the contention very ingeniously and urgently made by the counsel of Mrs. Putnam was, that the facts set out in the plea exempted her case from the operation of the principle of the maxim quoted above. The plea, in substance, avers that, in the former suit, she did not testify as a witness, not being legally competent; that, if she had been admissible and sworn, she could and would have proved by her testimony, that the name of Barrett, in said deed of assignment, was fraudulently inserted, and that she never, in fact or in law, transferred to any one the title to the securities in dispute; that the bill which she filed in the former suit was by herself and her husband against Mrs. Clark alone; that, before any evidence was taken therein, the executors of Hosea F. Clark, deceased (of whom Mrs. Clark was one), were, on their own application, made parties defendant; that, by such addition of parties, she, Mrs. Putnam, was excluded as a witness, and was, consequently, unable to establish by proofs her right to the possession of the securities, as she will be able to establish it by her own oath, if permitted to proceed with her action at law.

The inquiry is, does this circumstance entitle her, after a full hearing in this court, with an adverse result, to open the controversy anew in another tribunal—the property sought to be recovered, the grounds of her claim to it, and the parties from whom recovery is sought being the same? I am unable to answer this inquiry otherwise than in the negative. The case undoubtedly involves a great hardship for Mrs. Putnam, as it stands, but an opposite result would involve a great hardship for Mrs. Clark. There is no suggestion that, in the former suit in this court (which was carried also to the court of appeals and there adjudged as below), there was any ingredient of surprise or unfairness, or that there has since been discovered any evidence then unknown.

Putnam *v.* Clark.

The doctrine of *res adjudicata* rests on strong reasons of public policy, and also of private right. ⸱If, after decree in equity, a party shall proceed at law for the same matter, equity will restrain him, by injunction.  Such suit at law is treated as contempt of court, for it is gross oppression to vex another with a double suit for the same cause of action.  *2 Lead. Cas. in Eq. 1319 [635]; Story's Eq. Jur. 889; Joyce on Inj. 1040; Simson* v. *Hart, 1 Johns. Ch. 91 (a); Washington Packet Co.* v. *Sickles, 24 How. 333, 5 Wall. 580.*

*Mr. Charles H. Hartshorne,* for appellant.

The case shows :

*First.*  That in a previous suit in chancery, Mrs. Putnam, as complainant, and Mrs. Clark and the executors, as defendants, contested the question : Was the assignment from Mrs. Putnam to Barret fraudulently altered ?    Of which question, Mrs. Putnam maintained the affirmative.

*Second.*  That in that suit, the court adjudged that Mrs. Putnam failed to prove the affirmative of that issue, and on that ground decreed against her, dismissing her bill.

*Third.*  That subsequently Mrs. Putnam brought an action in the supreme court against Mrs. Clark alone, in which she proposes to try the same issue as that presented in the former suit; that Mrs. Clark and the executors now apply to the court of chancery for an injunction against the prosecution of the suit at law, alleging that the question was tried in the first suit, and that the decree in that suit is a bar to the suit at law—to which bill Mrs. Putnam pleads that in the first suit the court had no power to, and did not, receive her own testimony ; that by her testimony she can prove that the assignment was fraudulently altered,

---

(a) NOTE.—*Simson* v. *Hart* was reversed in *Simson* v. *Hart, 14 Johns. 63.* But see, *Gordon* v. *Lewis, 2 Sumn. 628, 634; Barnum* v. *Reynolds, 38 Cal. 643, 647,* which criticise the reversal; and see further, *Ross* v. *Wood, 70 N. Y. 8; Riggs* v. *Pursell, 74 N. Y. 370 ; Carpenter* v. *Providence Ins. Co., 4 How. ( U. S.) 185, 223 ; Railroad Co.* v. *Neal, 1 Woods 353, 355.*

The case does not appear to have been referred to in *Wells's Res Adjudicata.* —REP.

and that in the action at law the court has power to, and will, hear that testimony.

The order below overruled this plea. The appeal is from that order.

It is also necessary, *in limine*, to answer two objections from the other side.

*First.* The objection that the court will not try a case on new evidence, where the evidence might have been procured by due diligence in the first suit. But the case at bar is distinguished from all cases to which this objection applies, by this feature, viz., the evidence of Mrs. Putnam was omitted in the first suit, not because of any neglect of hers to present it, but because of the want of power in the court to receive it. This feature may or may not be sufficient to prevent the supposed estoppel. It certainly presents considerations entirely different from those suggested in the objection, and renders the latter irrelevant.

*Second.* The objection that Mrs. Putnam, having had the choice of two remedies, *i. e.*, an action in detinue, or her suit in equity, and having *elected* to pursue the latter, is barred by that *election* from afterward suing in detinue or in any other form. *Countess of Plymouth* v. *Bladon, 2 Vern. 32; 1 Dan. Ch. Pr. (ed. 1871) 817; Story's Eq. Pl.* § *742; Hughes* v. *Nelson, 2 Stew. Eq. 548; Blanchard* v. *Pasteur, 2 Hayw. (N. C.) 590.*

I. When the court, in the first suit, had not power to receive material evidence, which evidence, if admitted, might have led to a different result, and which evidence is admissible on the second suit, the judgment in the first suit is not a bar to the second. *Duchess of Kingston's Case, 2 Smith's Lead. Cas.; 1 Whart. Ev.* § *777; Riker* v. *Hooper, 35 Vt. 457; Sopwith* v. *Sopwith, 2 Sw. & Tr. 169; Stoate* v. *Stoate, 2 Sw. & Tr. 223; Bancroft* v. *Bancroft, 3 Sw. & Tr. 597; Rex* v. *Boston, 4 East 572; Norton* v. *Wood, 5 Paige 249; Jordan* v. *Loftin, 13 Ala. 547; Miller* v. *McCan, 7 Paige 451; Lewis* v. *Davis, 8 Daly 185; 1 Greenl. Ev. 523; Magauran* v. *Paterson, 6 S. & R. 278; Munday* v. *Vail, 5 Vr. 418; 1 Whart. Ev.* §§ *758, 784, 785, 788; Cromwell* v. *Sac, 94 U. S. 351; 1 Greenl. Ev. 546 d; 1 Whart. Ev. 802.*

Putnam *v.* Clark.

II. That Mrs. Clark was a *bona fide* purchaser of the bond and mortgage for value, does not aid her case.

For this defence to be held, the person from whom the purchase was made must have had an equitable or legal title, or must have been carelessly armed with the evidence of title. A forgery can pass no rights, even to a *bona fide* purchaser. *Story's Eq. Jur.* §§ *1502–1505, 1510 ; 1 Dan. on Neg. Inst. 634; 2 White & T. Lead. Cas. 32, 45, 46, 61 ; Ruckman* v. *Decker, 8 C. E. Gr. 282.*

*Mr. Gilbert Collins,* for respondents.

I. The bill makes a proper case for an injunction.

The complainant's bill in this suit prays an injunction to restrain any suit at law to recover possession of said bond and mortgage. The propriety of filing this bill instead of pleading the former adjudication in the suit of detinue, is not now the question before the court. The present controversy is as to the validity of the plea. Still it may throw some light upon the case if we show the grounds on which the interference of the court is claimed.

(*a*) The first ground is that complete justice cannot be done in the action at law, for want of parties. *Story's Eq. Jur.* §§ *885, 901 ; Radcliffe* v. *Varner, 56 Ga. 222.*

(*b*) The second ground on which we place the bill is that taken by the vice-chancellor, in his opinion, namely, that after a decree in chancery on the merits, a suit at law for the same relief is vexatious and a contempt of court, and will be enjoined as such. The authorities in support of this proposition are numerous. *Eden on Inj. 57, 58, 59 ; Story's Eq. Jur.* § *889 ; Joyce on Inj. 1040 ; 2 Lead. Cas. in Eq. 1320 ; Mocher* v. *Reed, 1 B. & B. 319 ; McNamara* v. *Arthur, 2 B. & B. 349 ; Selby* v. *Selby, Dick. 678 ; Grand Junction Canal* v. *Dimes, 17 Sim. 38 ; Frank* v. *Basnett, 2 Myl. & K. 619 ; Phelps* v. *Prothero, 7 De G. M. & G. 722.* See, also, *Wilson* v. *Wetherherd, 2 Meriv. 406 ; Bell* v. *O'Reilly, 2 Sch. & Lef. 430 ; Paxton* v. *Douglass, 8 Ves. 520 ; Thompson* v. *Brown, 4 Johns. Ch. 619 ;*

*Mosely* v. *Bassett, 1 Ves. & B. 383; Rogers* v. *Vosburgh, 4 Johns. Ch. 84; Wedderburn* v. *Wedderburn, 2 Beav. 209; Hope* v. *Carneigie, L. R. (1 Ch. App.) 320; Turner* v. *Turner, 19 L. J. (N. S.) Ch. 352,* cited in *Joyce on Inj. 1263.*

II. The matter litigated in the action at law is *res adjudicata.*

There is no question that the relief sought and the issue raised in the action of detinue are identical with the relief sought and issued raised in the former chancery suit. Neither can there be a doubt that the chancellor had jurisdiction to award the relief prayed in the former suit, namely, the delivery to complainants in that suit of the bond. and mortgage. *Duke of Somerset* v. *Cookson, 1 Lead. Cas. in Eq. 1110 [821]; Jackson* v. *Butler, 2 Atk. 306.*

All dismissals after hearing are presumed to be on the merits, unless the decree expressly provides that they shall be without prejudice. *Durant* v. *Essex Co., 7 Wall. 107; Asbury* v. *Lafarge, 2 N. Y. 113; Bigelow* v. *Windsor, 1 Gray 299.*

(a) *Nemo debet bis vexari pro una et eadem causa. Broom's Max. 327, 329; Wells's Res Adjudicata 253, 296, 308; Simson* v. *Hart, 1 Johns. Ch. 91; Aurora* v. *West, 7 Wall. 102; Beloit* v. *Morgan, 7 Id. 622; Henderson* v. *Henderson, 3 Hare 115; Ricardo* v. *Garcias, 12 Cl. & Fin. 400; Cromwell* v. *County of Sac, 4 Otto 353; 2 Smith's Lead. Cas. 771; Hopkins* v. *Lee, 6 Whart. 113,* quoted in *Wells's Res Adjudicata 336.*

(b) The respondent, by her plea, does not dispute that the question in the action of detinue is the same question which was decided by the chancellor, that the chancellor had jurisdiction, and that his decree was upon the merits. Her plea is that in the chancery suit the law excluded her from being a witness, because the executors of Hosea F. Clark were admitted as defendants to that suit, that she was prejudiced by that exclusion, and could probably have sworn her own case through, and that therefore she can try the cause over again in a form of action where she can be a witness for herself. *Stark. (9th ed.) 328 [358].*

(*c*) The defendant, before the vice-chancellor, cited cases of new trials at equity after judgment at law. These may all be met by the suggestion that they were based on equitable grounds. *Stoate* v. *Stoate, 2 Sw. & Tr. 223.*

The opinion of the court was delivered by

BEASLEY, C. J.

The purpose of this suit in chancery was to restrain a suit at law brought by Adah A. Putnam, the appellant, against the respondent, Lydia A. Clark. The equity in the bill consists in the fact that the matter attempted to be drawn in question in the legal action had been decided previously, in the court of chancery, in a controversy between these same parties. The question involved in both of these proceedings is whether an assignment of a certain mortgage was made, in the form in which it exists, by the appellant and her husband, or had been shaped into its present form by a forgery. In the proceeding in equity, the appellant could not be a witness, in consequence of one of the adverse litigants being a party to the suit in a representative capacity, her contest before that tribunal being supported by the testimony of her husband, and, as was insisted, by certain circumstances which were exhibited in the evidence. On the issue and proofs thus made, a decree passed against her, and the assignment was validated. The suit at law was then instituted by the appellant in the form of trover, for the mortgage so assigned, and which suit was founded on the ground that the assignment thus established by the decree was invalid, in consequence of the alteration before mentioned. The bill embraced in the decree appealed from was exhibited to restrain this suit. In reply to this bill, the appellant, by way of plea, in substance alleged the single fact that, in the equitable suit, she was prevented, by the rules of law, from being a witness in her own favor, and that she is not thus disqualified in the action at law, her contention being that, as the same issue is triable on different rules of evidence, the doctrine of estoppel resting on the ground of *res adjudicata* is not applicable.

Putnam *v.* Clark.

But this position is unsupported, so far as I have perceived, by either *dictum* or precedent, and is inconsistent with legal rules resting on the solid basis of public policy and good sense. The proposition for which the appellant contends is this, that a party, as the actor in the suit, may voluntarily submit his contest for decision to a tribunal in a state of the evidence which is exclusive of his own oath, and, such decision being adverse, may retry the same issue, on the ground that he is desirous of introducing his own testimony. If this be so, then, in this class of cases, such actors have it in their power, in every instance, to vex their adversaries by two trials, instead of, as in common cases, being stinted to one. - It will be observed that, in this instance, the appellant had it in her power to choose, in the first instance, the legal forum in which her action is now pending, so that her own oath would have availed; but she selected the equitable forum, and, having failed, now claims the right of having her case heard in its turn by the former. This claim is plainly opposed to the doctrine that imparts to the *res judicata* its state of being conclusive. That doctrine grows out of the inconvenience and injustice of the repetition of litigations between the same parties on the same issues.

"After a recovery by process of law," says Lord Kenyon (*Marriott* v. *Hampton, 7 T. R. 269*); " there must be an end of litigation; if it were otherwise, there would be no security for any person."

And, indeed, so essential is the principle that it does not seem peculiar to any particular system of laws; it existed in the Roman law, and probably can be found, in some form, in that of every civilized people. The rule is not to be disputed, nor can it be safely infringed.

In his argument before the court, the counsel of the appellant rested his contention on the circumstance that the decree in question was founded on a lesser amount of evidence than the judgment, if it should be obtained in the court of law, would be; but this reasoning indicates the misapprehension of a legal rule. The legal rule referred to is that which declares that when the law requires a certain measure of evidence to warrant a

Putnam *v.* Clark.

judgment in a certain class of cases, a judgment founded on a lesser measure cannot be conclusive on the trial of any case of such class.   The decision in *Riker* v. *Hooper, 35 Vt. 457*, cited in the argument, is an illustration in point.   The facts were that Riker had impounded Hooper's horse; Hooper sued in trover, and the issue was as to the legality of the proceedings to impound.   Such proceedings were found to be legal, and judgment was given for Riker.   Subsequently, Riker sued Hooper on a penal statute to recover a certain sum per day for the time he had impounded the horse, in which action, to prove that the proceedings to impound were legal, he offered the former judgment in evidence.   But such evidence was held to be inadmissible, as it was a judgment in a civil suit which could have been based on a mere preponderance of evidence, while the penal action required evidence of greater weight, to wit, proof beyond a reasonable doubt.   The *ratio decidendi* was this : that when the law demands a fixed standard of evidence, a smaller degree of evidence, although embodied in a judgment, will not avail.   But such a principle is entirely aside from the present case, for the law does not establish one foundation of evidence in these chancery proceedings, and another for those at law.   To make the case now pending analogous to the reported decision, the decree should have been rendered in evidence which, according to legal rules, would not be sufficient to produce a judgment in the suit at law ; while, to the contrary of this, the decree and the judgment may rest on the same evidential basis.

So the inapplicability of the legal theory of the case of *Norton* v. *Woods, 5 Paige 249*, is apparent upon even a slight consideration. It was a bill to set aside a judgment at law which had been obtained because the defendant in that forum had not been permitted, by force of legal rules, to examine one of the plaintiffs as a witness.   Here we find nothing but the ordinary principle that when a person is sued in a court of law having a defence which it is not in his power to present, accorded the right to seek relief in equity.   But, even in such an instance, he must appeal to chancery at the first opportunity, for the chancellor in the case cited truly says, alluding to the proceedings at law, " it will be

too late, after he has suffered judgment there, to apply to this court for relief." In the present case, the appellant not only suffered the decree in chancery to pass against her, but was the complainant in the cause, and put herself upon the judgment of the court. Neither this authority nor that of *Jordan* v. *Loftin, 13 Ala. 547*, which is in a similar vein, lends the least countenance to the contention raised in favor of the appellant.

Nor do I perceive the pertinency of the decisions cited from the court for divorce. The first of these was *Stoate* v. *Stoate, 2 Sw. & Tr. 223*, which merely maintained that when a judgment has been obtained on evidence that would not be admitted on the trial of the same issue in another form, the former judgment is inadmissible on the second trial, the ground being that it would be indirectly making use of evidence which was directly inadmissible in the latter trial. The other case, of *Sopwith* v. *Sopwith, 2 Sw. & Tr. 160*, is the application of the same principle under variant circumstances. It is not apparent how it can be reasonably contended that such adjudications can apply to a case where the evidence in the first suit is entirely admissible in the second suit on the identical issue.

With respect to the decisions to which the attention of the court has been called relative to the doctrine that a party is not concluded by the election of a forum in which to bring his suit, it is sufficient to say, that the existence of such doctrine is not denied, and that it is not the fact that the appellant in the first instance sought relief in the court of chancery that debars her from her action at law, but the circumstance having that preventive consequence is that, with knowledge that she could add to the force of her case her own testimony in a court of law, she elected to take the judgment of the chancellor on the issue, supported by evidence that did not prove to be sufficiently convincing. The vice-chancellor has stated, with great clearness, the legal rule applicable to this case, and the decree should be affirmed, with costs.

*Decree unanimously affirmed.*