The complainant is a corporation of New York, engaged in manufacturing and selling watches and jewelry. The defendant Zucker maintained a jewelry business in Jersey City, and became indebted to the complainant for merchandise to the extent of $623.08. Gochman and Held, wholesale jewelers of New York, also were creditors of Zucker. While pressing for payment of its claim, complainant learned that Zucker had changed his business address from 92 Newark avenue, Jersey City, where he traded under the name Stuart's, to another address in the neighborhood, at which place the name Stuart's Diamonds, Incorporated, appeared. When an explanation was requested, Zucker said he was no longer engaged in business on his own account and was now employed by a corporation, but for further information referred the complainant's representative to his attorney. Thereupon, complainant instituted suit against Zucker and obtained a judgment *Page 432 
and execution which was returned unsatisfied. Supplementary proceedings were taken and the testimony in such proceedings (now in evidence before me) discloses that the defendant Zucker claims to have borrowed from one Charles Goldberg the sum of $1,000, of which he says $200 was repaid, and notes of $400 each given for the balance, on which suits were instituted, which resulted in judgments and execution sale, at which the assets were purchased by Goldberg. Stuart's Diamonds, Incorporated, was formed and Goldberg transferred the assets to that corporation. The officers of Stuart's Diamonds, Incorporated, are Jacob Gochman, Benjamin Held and Charles Goldberg, the latter holding one share of stock. Gochman is a cousin of Goldberg. Zucker met Goldberg for the first time at the offices of Gochman and Held, and at this meeting the loan of $1,000 was arranged. Goldberg had no bank account and he says the loan was made in cash, and that he obtained that sum shooting "crap." He boasted, as one would under such circumstances, of his superior ability as a "crap-shooter," and freely admitted he was without other means of income, except that he occasionally operated a bus in Jersey City as a relief operator.
I am convinced by the credible testimony that the whole matter was a scheme between Zucker, Goldberg, Gochman and Held, whereby Goldberg was to make a pretended loan of money to Zucker for the purpose of a friendly judgment and sale thereunder, and the organization of a new company to acquire the assets of Zucker, in order to fraudulently hinder, delay and defraud the complaining creditor.
Every conveyance or alienation of lands or goods and chattels, whether made by writing or otherwise, "and every judgment and execution which have been or shall be contrived in fraud, covin or collusion, with intent to hinder, delay or defraud creditors and others of their lawful actions, debts, damages or demands, shall be deemed and taken (only as against those persons, * * * whose actions, debts, damages or demands are or may be hindered or defeated by such covinous or fraudulent devices and practices) to be utterly void and of no effect; any feigned consideration, color or *Page 433 
other pretense to the contrary notwithstanding." 2 Comp. Stat.p. 2618 § 12.
If the judgment was recovered by Goldberg against Zucker, not for the purpose of securing the debt, but solely to be used as a fraudulent cover to protect the defendant's property from his other creditors, it is a fraud, and the courts may deal with it as they would with any other fraudulent contrivance. Fraud perpetrated by means of a judgment is no more entitled to immunity than a fraud perpetrated by means of a deed or mortgage.Jones v. Naughright, 10 N.J. Eq. 298. That the forms of law have been pursued is no protection in a court of equity, if the result aimed at and reached is fraud. Metropolitan Bank v.Durant, 22 N.J. Eq. 35; affirmed, 24 N.J. Eq. 556.
If a judgment creditor uses his judgment for a fraudulent purpose, as against subsequent judgment creditors, he will be postponed until after they are paid. Mechanics National Bank v.H.C. Burnet Manufacturing Co., 33 N.J. Eq. 487.
I am convinced that Gochman, the cousin of Goldberg, arranged with Zucker to meet Goldberg at the place of business of Gochman and Held, and that at this meeting it was agreed that the alleged loan of $1,000 should be made upon which the friendly judgment was afterwards recovered, the sale had, and the goods purchased by Goldberg, after which the same were to be transferred to Stuart's Diamonds, Incorporated, in which Gochman, Held and Goldberg were to be the incorporators and officers, in order to defeat the claim of the complainant and to make the firm of Gochman and Held whole for the amount of the indebtedness due them. It was part and parcel of a scheme whereby the form of a judicial remedy was to supply a protective cover for a fraudulent design.
A conveyance is illegal if made with an intent to defraud the creditors of the grantor, but equally it is illegal if made with an intent to hinder and delay them.
Decree will be that the sale of the assets of Zucker trading as Stuart's be set aside as against complainant. *Page 434