16 N.J. Super. 597 (1951)
85 A.2d 300
ALPHONSE M. CATABENE, TRUSTEE IN BANKRUPTCY OF HEISS & SONS, INC., A CORPORATION OF NEW JERSEY, BANKRUPT, PLAINTIFF-APPELLANT,
v.
CHARLES WALLNER, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1951.
Decided December 20, 1951.
*599 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Joseph Weintraub argued the cause for appellant (Messrs. Feld & Breitner, attorneys).
Mr. Joseph B. Stadtmauer argued the cause for respondent Charles Wallner (Mr. Benjamin H. Stadtmauer, attorney).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The plaintiff's motion to amend the complaint by adding to the "prayers for relief" (but see Rule 3:8-1) was denied by order of the Chancery Division of *600 the Superior Court, entered April 13, 1951. On the same day, judgment was entered dismissing the complaint, with costs, on the ground that "the complaint seeks to collaterally attack a final judgment in the Chancery Division heretofore entered in this Court and therefore [this court] lacks jurisdiction to dispose of the same." This judgment was later modified by judgment entered on April 30, 1951, to provide that the dismissal was without prejudice and without costs. The trial judge filed no opinion.
Among other allegations, the complaint alleged that the plaintiff is the receiver and trustee in bankruptcy of the estate of Heiss & Sons, Inc., a New Jersey corporation, and that he brought the proceedings with the permission of the United States District Court. Further, that George Heiss, Jr., John Heiss and Korbin Heiss, all officers and stockholders of Heiss & Sons, Inc., the corporation, fraudulently combined themselves and illegally caused the property of the corporation to be encumbered by a bond and mortgage given by the corporation to George Heiss, Jr., on January 11, 1949, in lieu of the personal obligation owed to George Heiss, Jr., by John Heiss and Korbin Heiss, well knowing that the corporation did not receive any value or consideration for the execution and delivery of such bond and mortgage. Also, other named defendants, with full knowledge of the fraudulent acts of the Heisses and in furtherance of the plan to defraud creditors, arranged for and carried through a foreclosure of the mortgage, under which the lands of the corporation, worth approximately $30,000, were sold to defendant Charles Wallner for $5,800. Included were prayers for an order vacating and setting aside the foreclosure proceedings against the said lands and premises; that the amount actually advanced by the purchaser, Charles Wallner, shall be decreed to be a lien on said property to the extent of the consideration actually given by him; and that the said Charles Wallner be decreed and directed to execute a deed conveying all of his rights and interest to the trustee in the said bankruptcy proceedings, free and clear of any lien which may affect the *601 property by virtue of any lien which was created after the lands and premises were acquired by the defendant, Charles Wallner. The plaintiff, by his motion, sought to amend the complaint by adding further prayers for relief, including prayers that the defendants, other than defendant Wallner, account for the proceeds of the foreclosure sale.
The complaint is in a separate and independent suit and does attack the judgment in the foreclosure proceedings. The attack is a collateral attack because any attempt in a separate and independent proceeding to question the integrity and validity of any adjudication in another proceeding and challenge its existence as valid and binding constitutes a collateral attack. 1 Freeman on Judgments (5th ed. 1925), § 304; Restatement, Judgments, § 11, comment a. (1942). But all collateral attacks on judgments are not barred. Even though it is a judgment of a legally organized judicial tribunal, proceeding within the scope of its allotted powers and possessing the requisite jurisdiction over the subject matter of the suit and the parties thereto, it may be collaterally attacked when the judgment is procured through the fraud of either of the parties or by the collusion of both for the purpose of defrauding a third person. Such third person may escape from the injury thus attempted by showing, even in a collateral proceeding, the fraud or collusion directly affecting him by which the judgment was obtained. 1 Freeman on Judgments, § 318. A judgment obtained in fraud of the interests of a third person is subject to collateral attack by him. Restatement, Judgments, § 91.
The plaintiff, as trustee in bankruptcy of the corporation, is such a third person who may make a collateral attack on a judgment on the ground that it is fraudulent. The special rights and remedies available to creditors are also available to a trustee in bankruptcy as a primary and not a derivative right. He may avoid any transfer of property by the bankrupt, which any of its creditors might have avoided, and recover property so transferred or its value. Sickinger v. Zimel, 6 N.J. 149 (1951).
*602 The fraud is not cloaked with immunity merely because it was perpetrated by means of a legal form; it is just as vulnerable as if perpetrated by a deed or mortgage. Goldberg v. Yeskel, 129 N.J. Eq. 404 (Ch. 1941), affirmed 129 N.J. Eq. 410 (E. & A. 1941); Camden Safe Deposit & Trust Co. v. Green, 124 N.J. Eq. 221 (Ch. 1938); Bulova Watch Co., Inc., v. Zucker, 113 N.J. Eq. 431 (Ch. 1933).
The judgments and the order under appeal are reversed.