258 N.J. Super. 539 (1992)
610 A.2d 885
BURTON FRIEDMAN, HEIR TO MINNIE WEINER, PLAINTIFF-APPELLANT,
v.
MONACO AND BROWN CORP., BOROUGH OF WILDWOOD CREST AND DIAMOND CREST MOTEL, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1992.
Decided July 24, 1992.
*541 Before Judges R.S. COHEN, ARNOLD M. STEIN[1] and KESTIN.
Patrick F. McAndrew argued the cause for appellant (Brandt, Haughey, Penberthy, Lewis & Hyland, attorneys; Patrick F. McAndrew on the brief).
Robert A. Fineberg argued the cause for respondent, Borough of Wildwood Crest.
No brief was filed by any other party.
The opinion of the court was delivered by KESTIN, J.S.C. (temporarily assigned).
In 1930, Minnie Weiner acquired title to lots 1 through 12 of block 65A in the Borough of Wildwood Crest. The tract fronted on the ocean and was conveyed
together with the riparian rights on the ocean front of block 65-A projecting between parallel lines with the respective sides of said block from the Southeasterly side of said Ocean Avenue into the Atlantic Ocean to exterior lines established by the Riparian Commissioners of the State of New Jersey in the grant to the said Wildwood Crest Company of record and the Clerk's Office of Cape May County at Cape May Courthouse, New Jersey.
Although beach erosion problems plague other shore communities and property owners, oceanfront land in Wildwood Crest *542 grows by a process of accretion. Within a few years after Weiner acquired her tract, the Borough's official map reflected a block 65B, consisting of lots 1 through 6 which had been produced by oceanward accretion to the Weiner tract. Beginning in 1933, the Borough began to assess block 65B.
As a result of the property owner's failure to pay taxes, tax sale certificates were issued in 1931 and 1935 and recorded in 1938 covering blocks 65A, lots 1-12 and 65B, lots 1-6. The property descriptions in both tax sale certificates omitted any express mention of riparian rights or of lands which had accreted beyond the designated parcels.
By 1935, when the tax sale certificate for block 65B issued, at least 370 feet of additional alluvion had already accreted to the tract. This alluvion was not included on the Borough's official map during the 1930's, nor was it assessed by the Borough during that period.
In 1939, judgment was entered on a bill to foreclose Weiner's right of redemption. The description in this judgment included the newly accreted lands by reference to riparian rights and the extension of lot lines "to the Exterior Line in the Atlantic Ocean established by the Riparian Commissioners of the State of New Jersey...." The high water line has continuously and naturally extended farther and farther out into the Atlantic Ocean.
Plaintiff is Weiner's sole heir. He filed this action to quiet title on May 9, 1988 seeking to enforce his inherited riparian rights through a declaration that he is the owner of the alluvion beyond lots 1 through 6 of block 65B, and for related relief. The matter was tried on stipulated facts on January 18, 1991 and a judgment was entered denying the relief sought.
Plaintiff's choice to proceed by way of an action to quiet title was infelicitous. Peaceable possession by the claimant is a jurisdictional prerequisite of an action to quiet title. N.J.S.A. 2A:62-1; Braue v. Fleck, 23 N.J. 1, 5, 127 A.2d 1 (1956); Persons v. Bergmann, 182 N.J. Super. 476, 479, 442 *543 A.2d 647 (App.Div. 1982).[2] The remedy is designed to resolve formally the issue of ownership between competing colorable claims. N.J.S.A. 2A:62-1. Here, plaintiff cannot claim even color of title. A judgment, on its face, extinguished the last vestige of ownership that plaintiff's predecessor could claim  a right of redemption  to every interest in the real estate, including riparian rights. As a matter of law, while that judgment is extant, plaintiff has no colorable claim arising from his predecessor's interest in the property.
What plaintiff sought in his lawsuit, more accurately, was relief from the 1939 judgment pursuant to R. 4:50. A disposition on the merits is in the interests of all concerned and the matter has been fully litigated. We therefore view the proceedings in the trial court as a motion brought under the rule.
A party who seeks relief on the ground that a judgment is void in whole or in part, R. 4:50-1(d), is obliged to make the motion within a reasonable time. R. 4:50-2. The reasonableness of the time period is determined by all the surrounding circumstances including the length of time that has passed and a due consideration for competing rights and interests which have come to exist. See City of Newark v. (497) Block 1854, 244 N.J. Super. 402, 582 A.2d 1006 (App.Div. 1990).
It appears from the stipulated record that sometime after the Borough of Wildwood foreclosed on blocks 65A and 65B, the parcels were sold without a conveyance of riparian rights. Block 65C, consisting of accumulated alluvion beyond block 65B, has come to be reflected in the Borough's official map, and continues to be owned by the Borough itself. For over 50 years, therefore, the retained riparian rights, from which the *544 land to which the plaintiff claims a title interest is derived, and that land itself, have been publicly owned.
In dismissing plaintiff's claim, Judge Callinan held that riparian rights are part of the estate to which they attach and that the alluvion is also part of the beachfront estate until such time as it is severed by subdivision or is separately recognized by the municipal taxing authority in its assessments. We agree. This ruling makes sense as good law based upon sound public policy.
The result which the trial judge reached comports with the express language of N.J.S.A. 54:5-104 which provides:
When in a judgment in an action to foreclose the right of redemption, the lands are described in a manner other than that contained in the certificate of tax sale, the judgment shall bar the defendant's right of redemption in and to all the lands described in the judgment, and that property only.
The word "lands" as used in the statute is to be understood to refer to the interests in the real estate and not in a more limited sense, as the plaintiff contends, just to the physical parcel described by metes and bounds. With this understanding, the conclusion we reached in Borough of Wildwood Crest v. Smith, 210 N.J. Super. 127, 133, 509 A.2d 252 (App.Div. 1986), relied upon by the plaintiff, although distinguishable on its facts, is not at variance with the result which Judge Callinan reached.
Plaintiff's position may be seen as claiming an interest, not in his predecessor's riparian rights which were extinguished in the judgment of foreclosure, but solely in the alluvion beyond Lot 65B which was not specifically mentioned in the description contained in the judgment. The law of this state recognizes title to alluvion to vest in the upland owner. Borough of Wildwood Crest v. Masciarella, 51 N.J. 352, 240 A.2d 665 (1968). Nevertheless, although plaintiff's predecessor owned the alluvion beyond block 65B until the time the judgment of foreclosure was entered, her title to the alluvion was not severable. It was subject to being conveyed with title to the upland tract.
*545 As noted by Judge Callinan the alluvion could not have been separately conveyed by the upland owner herself because it had neither been subdivided nor in any way quantified by the action of municipal officers. Therefore, at that time, it existed as an interest which was indivisibly conjoined in the legal sense with the upland parcel to which it was attached in the factual sense. When the judgment of foreclosure barred the right of redemption in the named parcels, the alluvial extension went with them. The question of whether alluvion passes with a conveyance even if not specifically described has not heretofore been decided in New Jersey. We are satisfied to adhere to what appears generally to be the majority view elsewhere, see, e.g., Jennings v. Shipp, 115 N.W.2d 12, 14 (N.D. 1962), at least in the precise circumstances of this case. See 65 C.J.S. Navigable Waters § 126 (1966) for a recitation of majority and minority viewpoints.
Aside from the foregoing considerations, we have no hesitancy, within the intendment of R. 4:50, in determining that the plaintiff is estopped from claiming an interest in land almost 50 years after his predecessor's rights were extinguished in a judgment of foreclosure. More than ample basis for an estoppel is provided by the passage of so much time along with a general recognition of the intervening events that have occurred and interests that have come to exist. See City of Newark v. (497) Block 1854, supra. Plaintiff's predecessor had every opportunity to litigate the severability of her riparian interests by defending in the foreclosure action. Furthermore, nothing prevented her from filing an early motion for relief from the judgment in respect of her separate rights to the alluvion. In the absence of prompter action, the plaintiff should not be heard so belatedly to establish his claim in derogation of the public interest and such private rights as may conflict with his claim.
Affirmed.
NOTES
[1] Judge Stein did not participate in oral argument. He participated in the decision with consent of counsel.
[2] Counterclaims of the defendants, all apparently in peaceable possession of their respective tracts, were framed as actions to quiet title; however, the judgment dismissing the complaint also dismissed the counterclaims and defendants have not cross-appealed.