**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0961-18

SYLVIA ZIKA,

    Plaintiff-Appellant,

v.

LOWE'S HOME CENTERS, LLC,
and LOWE'S COMPANIES, INC.,

    Defendants-Respondents.

_____

Argued April 6, 2022 – Decided July 5, 2022

Before Judges Whipple, Geiger, and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0458-16.

Sylvia Zika, appellant, argued the cause pro se.

Michael J. Gesualdo argued the cause for respondents Lowe's Home Centers, LLC, and Lowe's Companies, LLC (Robinson Miller, LLC, attorneys; Michael J. Gesualdo, of counsel and on the briefs).

Matthew J. Platkin, Acting Attorney General, attorney for respondent New Jersey Department of Transportation (Melissa H. Raksa, Assistant Attorney

General, of counsel; David M. Kahler, Deputy Attorney
General, on the brief).

PER CURIAM

This litigation arises from a dispute concerning the installation and maintenance of a driveway accessing Route 206 in Hampton Township.[1] Plaintiff Sylvia Zika appeals from Law Division orders dismissing her claims against defendant Lowes Companies Inc. (Lowes) alleging fraud, negligence, misrepresentation, unjust enrichment, and unfair and deceptive business practices. After carefully reviewing the record in light of the applicable legal principles, we affirm.

I.

We discern the following facts from the record. Plaintiff owns commercial property used for her dental practice on Hampton House Road (State Highway Route 206 South) in Hampton. Defendant Lowes purchased adjacent property on Hampton House Road. In 2005,[2] Lowes applied to Hampton

---

[1] We heard oral argument in this appeal back-to-back with IMO Revocation of Permit, No. A-1958-18. In that case, plaintiff appeals from a final agency decision by the Commissioner of the Department of Transportation (DOT) revoking plaintiff's use of the existing driveway that leads directly from plaintiff's property to Route 206.

[2] The record indicates some permits were approved as early as 2002.

Township (Township) for site plan approval to build a home improvement warehouse store. DOT issued a permit to Lowes to construct a driveway, known as Town Center Drive, that would provide access from defendant's warehouse store to Route 206. The township's approval of defendant's site plan required closure of plaintiff's existing driveway.

On October 31, 2008, defendant's counsel contacted plaintiff seeking access to ten feet of her property in order to construct a driveway connecting her property to Town Center Drive. The parties entered into negotiations.

On November 20, 2008, plaintiff and Lowes signed an agreement detailing the terms of the new driveway. The agreement provided: plaintiff would grant access to Lowes to ten feet of her property to construct a connection from her property to Town Center Drive; Lowes would clear all brush and overgrown trees obstructing view of plaintiff's property; Lowes would remove plaintiff's original driveway; Lowes would grant plaintiff a perpetual easement for a right-of-way across defendant's property; Lowes was responsible for all costs associated with constructing the new driveway and removing the old driveway; Lowes would pay plaintiff $4,000; plaintiff could place two signs on the area of the easement; Lowes would install "conduit pipe as designated on the attached

plan with pull string;" plaintiff was responsible for designing, constructing and obtaining all permits for the signs.

Plaintiff attached to the agreement a sketched map indicating where she wanted the conduit, signs, and lights to be placed. She signed the agreement assuming defendant accepted her sketched map. The only difference between Lowes' original offer and plaintiff's counteroffer was the placement of the conduit in the hand-sketched map she attached to the agreement. Defendant's representative initialed "WJA" to the handwritten changes plaintiff made to the agreement.

In November 2008, Lowes sent plaintiff a map depicting an alternative placement of the conduit. That same month, Lowes began construction of plaintiff's new driveway. On November 24, 2008, Arris Construction submitted a proposal to install the conduit piping with pull string for the two signs at a cost of $4,350.

On December 10, 2008, plaintiff sent a letter to Lowes complaining about the placement of the conduit, the closure of the original driveway, and the trees and debris. Defendant's representative responded that Lowes had not agreed to a specific placement of the conduit.

A-0961-18

On August 11, 2009, Lowes granted a perpetual easement that provided: plaintiff would have access across defendant's property; Lowes would not obstruct the free flow of pedestrian and vehicular traffic over the easement; and Lowes would be responsible for "the routine maintenance and repair of the . . . [easement]."

Four years later, in August 2013, an engineering firm submitted a driveway closure plan for plaintiff's driveway. An official at DOT's Region North Maintenance and Operations Office accepted the driveway closure plan on behalf of the Department.[3]

We next recount the relevant portions of the lengthy and complex procedural history of the litigation leading to this appeal. In October 2013, plaintiff filed a verified complaint against Lowes, the Township, and the DOT. On December 12, 2013, the first judge assigned to the case (initial judge) dismissed plaintiff's complaint, reasoning that plaintiff essentially was challenging a state agency action and thus the case needed to be heard in the Appellate Division. We in turn remanded the matter to DOT. Zika v. Lowe's Cos., Inc., A-2350-13 (App. Div. May 6, 2014). As we have noted, the

---

[3] DOT's actions with respect to the closure of plaintiff's original driveway are the subject of the related appeal in A-1958-18. See supra note 1.

proceedings before DOT and the Office of Administrative Law (OAL) are the subject of plaintiff's separate back-to-back appeal from a final agency decision. See supra notes 1 and 3.

On April 28, 2016, plaintiff moved to reinstate her complaint against Lowes. She also moved to change venue from Morris County to Sussex County and transfer the case from the Chancery Division to the Law Division.

On June 10, 2016, the initial judge denied reconsideration of the December 12, 2013, order and denied plaintiff's request to reinstate her complaint. However, on August 10, 2016, the initial judge permitted her to amend and reinstate her complaint for money damages against Lowes. On August 29, 2016, plaintiff filed an amended complaint against Lowes, alleging the following: (1) fraud based on defendant not performing its obligations pursuant to the agreement; (2) breach of contract; (3) misrepresentation; (4) negligence; (5) unjust enrichment; (6) unfair and deceptive business practices; and (7) liability for punitive damages.

Thereafter, venue was transferred to Sussex County, Law Division. On April 12, 2017, plaintiff filed a motion to amend her complaint for the second time to add the Township and the Hampton Township Planning Board as defendants. She also sought to add new claims for fraud in the inducement,

fraud by forgery, and fraudulent misrepresentation. Plaintiff alleged that Lowes presented a fraudulent contract to DOT and the Township in its efforts to secure permits. She also sought to add two counts against the Township and Lowes for failing to make Town Center Drive (Lowes' driveway) a municipal street.

On May 12, 2017, another judge assigned to the case (second judge) denied plaintiff's motion for leave to file the second amended complaint. The second judge concluded that plaintiff did not have standing to bring a fraud claim premised on alleged misrepresentations Lowes made to DOT and the Township in securing permits, reasoning that plaintiff was not a victim of that alleged fraud. In rendering his oral opinion, the second judge explained:

> Furthermore, plaintiff's claims for fraud are duplicative of her original fraud pleading and premised on the same factual allegations in her prior complaint. Plaintiff attempted to bifurcate her fraud claim into separate frauds and bring claims on behalf of [DOT] and [the Township]. Plaintiff simply does not have standing to do so as she has no stake in the issuance of the permits by [DOT] and [the Township].
>
> Plaintiff's interest lies in her claims of breach of contract for fraudulent representation made to her in securing said contract.

On May 25, 2017, plaintiff filed a motion for reconsideration of the second judge's order, which was denied on August 18, 2017. We denied plaintiff's motion for leave to appeal.

7

On July 10, 2017, plaintiff submitted a statement of damages for her breach of contract claim. She claimed loss of income of $26,979, loss of business value of $13,490, litigation expenses of $4,017, and expert fees of $2,600.

In October 2017, a third judge (trial judge) began handling the matter. On October 6, 2017, defendant moved for summary judgment.

On July 3, 2018, the trial judge granted summary judgment in favor of Lowes on plaintiff's claims of misrepresentation, fraud, negligence, unjust enrichment and punitive damages, but not on her breach of contract claim. The trial judge rendered a nineteen-page written opinion in which he limited plaintiff's breach-of-contract damages to the payment of $4,000 pursuant to the agreement, the installation of conduit pipes, snowplowing, and any damages plaintiff could establish from the breach of the easement.

Lowes moved for reconsideration of the trial court's determination to permit the breach of contract claim to go to trial. The record before us does not provide a resolution of that motion; since the matter proceeded to trial, we presume it was denied.

On July 23, 2018, the trial judge denied plaintiff's request to adjourn the trial, explaining there had already been multiple extensions of discovery. On

A-0961-18

July 25, 2018, a jury trial began on plaintiff's breach of contract claim. At the close of plaintiff's case, defendant moved for a directed verdict, which was denied.

On July 26, 2018, the jury returned a verdict in plaintiff's favor. The jury found there was a contract between the parties, defendant breached it, and that she was entitled to (1) $4,000 pursuant to the terms of the contract; (2) $4,500 for the conduit that was not installed; and (3) $1,500 for routine maintenance and repair of the easement, including snowplowing. The trial court signed an order awarding plaintiff $10,000 including costs.

On September 14, 2018, plaintiff moved for additur or a new trial on damages, which was denied. The trial court nonetheless awarded plaintiff additional costs of $230. This appeal followed.

Plaintiff raises the following contentions for our consideration:

POINT I

IN HOLDING PLAINTIFF SYLVIA ZIKA LACKS STANDING, THE LAW DIVISION COMMITTED REVERSIBLE ERROR.

A. STANDING IS BROADLY CONSTRUED UNDER THE MUNICIPAL LAND USE LAW, WHERE STANDING IS ACCORDED ANY PERSON WHOSE RIGHT TO "USE, ACQUIRE, OR ENJOY PROPERTY IS OR

MAY BE AFFECTED BY ANY ACTION TAKEN UNDER THE MLUL."

B.    THE TRIAL COURT FAILED TO APPLY THE CORRECT LEGAL STANDARD FOR ASSESSING STANDING UNDER MUNICIPAL LAND USE LAW.

C.    PLAINTIFF HAS STANDING TO BRING AN ACTION FOR FRAUD, MISREPRESENTATION, NEGLIGENCE, UNFAIR AND DECEPTIVE BUSINESS PRACTICES AND PUNITIVE DAMAGES.

D.    PLAINTIFF SYLVIA ZIKA HAS STANDING AS AN INJURED THIRD PARTY.

POINT II

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT [LOWES'] COMPANIES INC.

A.    THE COURT ERRED WHEN IT RELIED ON PATENTLY UNRELIABLE SOURCES IN PREPARING ITS FINDINGS OF FACT.

B.    THE TRIAL JUDGE USED THE WRONG TEST IN DECIDING SUMMARY JUDGMENT, AND THEREFORE, MUST BE REVERSED.

C.    THE TRIAL COURT FAILED TO CONSTRUE FACTS IN THE LIGHT MOST FAVORABLE TO PLAINTIFF AND TO DRAW ALL PERMISSIBLE INFERENCES.

D.    THE TRIAL JUDGE ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE

10

DISCOVERY WAS NOT COMPLETE AND PLAINTIFF STILL WISHED DISCOVERY.

E. EVIDENTIAL MATERIALS RAISE SUFFICIENT CREDIBILITY ISSUES REQUIRING RESOLUTION BY A TRIER OF FACT.

II.

We first address plaintiff's contention that the second judge erred by finding she had no standing to bring a fraud complaint in which she alleged Lowes had made fraudulent misrepresentations to DOT and the Township in its effort to secure permits. The second judge ruled that plaintiff was not claiming that she herself had been defrauded, but rather alleged that the Township and DOT had been defrauded by Lowes' misrepresentations.

We begin our analysis by acknowledging the foundational legal principles governing this appeal. A court's decision regarding standing is a question of law subject to de novo review. Cherokee LCP Land, LLC v. City of Linden Plan. Bd., 234 N.J. 403, 414–15 (2018) (citing People for Open Gov't v. Roberts, 397 N.J. Super. 502, 508 (App. Div. 2008)). In Triffin v. Somerset Valley Bank, we explained that

> standing refers to a party's "ability or entitlement to maintain an action before the court." [N.J. Citizen Action v. Riviera Motel Corp., 296 N.J. Super. 402, 409 (App. Div. 1997)]. To be entitled to sue, a party must

11

have "a sufficient stake and real adverseness with respect to the subject matter of the litigation." [In re Baby T., 160 N.J. 332, 340 (1999)]. Additionally, "[a] substantial likelihood of some harm visited upon the plaintiff in the event of an unfavorable decision is needed for the purposes of standing." Ibid. Standing has been broadly construed in New Jersey as "our courts have considered the threshold for standing to be fairly low." Reaves v. Egg Harbor Township, 277 N.J. Super. 360, 366 (Ch. Div. 1994).

[343 N.J. Super. 73, 80–81 (App. Div. 2001).]

Plaintiff cites Jersey Shore Med. Ctr.-Fitkin Hosp. v. Baum's Est., for the proposition that although the general rule is that a litigant has no standing to assert the rights of a third party, a litigant might have standing if he or she can "show sufficient personal stake and adverseness so that the Court is not asked to render an advisory opinion." 84 N.J. 137, 144 (1980) The second judge directly addressed plaintiff's argument, ruling:

> Plaintiff continues to rely on [Jersey Shore] in asserting that she has a sufficient stake to assert the rights of a third party, in this case [DOT]. In Jersey Shore, there was no other party other than the hospital that could have asserted the deceased husband's constitutional rights under the Fourteenth Amendment to the United States [Constitution]. Here, the DOT and [the Township] could have asserted fraud claims or conferred standing to plaintiff. Neither the DOT nor [the Township] did so. Furthermore, plaintiff's outcome in the litigation is not dependent on a constitutional question.

12

Plaintiff argues that she has standing to assert the rights of the DOT and the Township because she was the true injured party. The gravamen of her standing contention is that she was injured by Lowes' alleged fraud because the fraudulent misrepresentations resulted in DOT deciding to revoke her driveway access. Given the low threshold for establishing standing under New Jersey law, we agree in concept with plaintiff's argument that a person might have standing to challenge willful misrepresentations to a government agency if those fraudulent statements directly result in injury to the person claiming standing. But in this instance, for reasons we explain more fully in the companion appeal, the decision by DOT to revoke plaintiff's access to her original driveway was entirely proper and in accordance with the statutory and regulatory framework that ensures the safety of the motoring public. As we concluded in the other appeal, plaintiff had no protectible interest in using her original driveway to access Route 206 because the DOT-approved closure plan ensured that she was given reasonable access to her commercial property via Town Center Drive. We add that the agreement between plaintiff and Lowes contemplated removal of her original driveway. Accordingly, even given an expansive view of standing, plaintiff was not injured by the fraudulent representations she alleges that Lowes

made to the Township and DOT.[4] In our view, that critical circumstance effectively precludes plaintiff from suing Lowes for fraudulent statements that were made to government officials and not to her.

In the interest of completeness, we briefly address plaintiff's specific arguments relating to standing even though they fail, ultimately, because DOT's decision to revoke access to her original driveway was proper and lawful.

Plaintiff contends the second judge erred in denying her standing because he applied an incorrect standard under the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163. Specifically, plaintiff cites N.J.S.A. 40:55D-4 for the proposition that an "interested party" for purposes of the MLUL is

> any person, whether residing within or without the municipality, whose right to use, acquire, or enjoy property is or may be affected by any action taken under [the MLUL] . . . or . . . [a person whose property rights] have been denied, violated or infringed by an action or a failure to act [pursuant to the MLUL].

Plaintiff's reliance on the MLUL is misplaced, however, because her right to use or enjoy her property has not been affected by an action taken under the MLUL. The DOT's determination to revoke access to plaintiff's original

---

[4] We note that the only aspect of the contract plaintiff claims is fraudulent is the map depicting an incorrect placement of the conduit pipes. Plaintiff does not appear to claim that the contract itself, setting forth the terms for closing the driveway, is fraudulent.

A-0961-18

driveway was done pursuant to the New Jersey State Highway Management Act, N.J.S.A. 27:7-89 to -98 (the Act) and the New Jersey State Highway Access Management Code, N.J.A.C. 16:47-1.1 to -14.1, (the Code), and not the MLUL. N.J.A.C. 16:47-11.1 provides: "An adjustment, modification, or removal of access will allow continuation of the existing use on the lot or site." Thus, plaintiff's property rights were not "denied, violated or infringed by an action or a failure to act [pursuant to the MLUL]." N.J.S.A. 40:55D-4; see also State ex rel. Comm'r of Transp. v. Marlton Plaza Assocs., LP, 426 N.J. Super. 337, 351–55 (App. Div. 2012) (holding a person has no possessory right to access the State's highways and roads from any particular point on his or her property). Thus, even accepting as true plaintiff's allegations that Lowes defrauded the Township and DOT in pursuing permits concerning its warehouse store, those misrepresentations to the Township and DOT did not cause compensable injury to plaintiff because the access to her driveway was properly revoked, in accordance with the Act and the code.

Plaintiff also relies on Cherokee LCP Land. That case tested the limits of the definition of "interested party" within the MLUL. The Court recognized that under the MLUL, "development on one parcel of land can have consequences for others." Cherokee LCP Land, 234 N.J. at 403. The plaintiff in Cherokee

15

LCP Land challenged a planning board decision affecting a neighboring property. Id. at 418. That plaintiff alleged "that the proposed project would eliminate certain points of access to the Neighboring Property, interfere with an existing easement on the Property, and substantially modify storm water management on the Property." Ibid. The Court held that the plaintiff, as an entity with a possessory interest in the neighboring property, had standing to challenge the planning board's determination. Ibid.

Here, however, there is no easement that was interfered with and no storm management concern. Plaintiff has not been deprived of a possessory interest in her property because she will have full access to her property via reasonable alternative access as determined by the DOT. More fundamentally, Cherokee LCP Land addresses when a person has standing to challenge a planning board's approval of a land use application for a neighboring property. It does not address a person's standing to initiate a private cause of action against a corporation for alleged misrepresentations it made to a governmental entity as part of that approval process.

Relatedly, plaintiff also relies on Aurentz v. Plan. Bd. of Little Egg Harbor Twp. for the proposition that any citizen or taxpayer has standing to challenge a zoning scheme or comprehensive plan of the township. 171 N.J. Super. 135,

143–44 (Law Div. 1979).  We deem <u>Aurentz</u> to be inapplicable to the present matter because that plaintiff was not challenging a zoning scheme or comprehensive plan of the Township.

Plaintiff cites <u>DePetro v. Twp. of Wayne Plan. Bd.</u>, for the proposition that a property owner's economic interest coinciding with a strong public interest in the issue raised could be sufficient to confer standing.  367 N.J. Super. 161, 172 (App. Div. 2004).  Here, plaintiff has shown no economic impact to the revocation of her driveway given that she had agreed to the removal of the driveway and was provided reasonable alternative access to her commercial property.  Nor do we find any strong public interest in plaintiff retaining her original driveway, especially considering that she had agreed to its removal.

III.

We turn next to plaintiff's contention that the trial court erred in granting summary judgment to Lowes on plaintiff's claims of misrepresentation, fraud, negligence, unjust enrichment, and punitive damages.  We affirm the dismissal of the fraud-related complaints essentially for the same reason that we affirm the denial of standing:  plaintiff suffered no compensable injury from the alleged misrepresentations Lowes made to the Township and DOT.

17

We begin our analysis by acknowledging the legal principles governing this appeal. Our review of a trial court's summary judgment order is de novo. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016) (citing Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012)). Accordingly, the trial court's analysis is not entitled to any special deference. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

We apply the same standards as the trial court when reviewing an appeal of an order granting summary judgment. Walker v. Atl. Chrysler Plymouth, 216 N.J. Super. 255, 258 (App. Div. 1987). Summary judgment should be granted when the pleadings and discovery show "that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). A genuine issue of material fact exists when the discovery materials, "viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995).

Importantly for the purposes of this appeal, "[b]are conclusions in the pleadings, without factual support in tendered affidavits, will not defeat a

meritorious application for summary judgment." <u>U.S. Pipe & Foundry Co. v. Am. Arb. Ass'n.</u>, 67 N.J. Super. 384, 399–400 (App. Div. 1961). Our rules require a movant to file a statement of material facts, with or without supporting affidavits, that sets forth a concise statement of each material fact to which the movant contends there is no genuine issue. <u>R.</u> 4:46-2(a). The respondent must file a responding statement that admits or disputes each fact in the movant's statement. <u>R.</u> 4:46-2(b). Unless the respondent specifically disputes a material fact and demonstrates the existence of a genuine issue of fact, the movant's statement will be deemed admitted. <u>R.</u> 4:46-2(a)–(c). A party offering no substantial or material facts in opposition to the motion cannot complain if the court takes as true the uncontradicted facts in the movant's papers. <u>See</u> <u>Judson v. People's Bank & Tr. Co. of Westfield</u>, 17 N.J. 67, 75 (1954); <u>R.</u> 4:46-5.

We note that the trial judge granted summary judgment in defendant's favor based in part on a finding that plaintiff failed to establish that defendant had an intent to deceive. We do not agree with that portion of the trial court's opinion. As a general matter, summary judgment should not be granted when part of the cause of action involves a determination as to a "party's state of mind, knowledge, intent or motive." <u>In re Est. of DeFrank</u>, 433 N.J. Super. 258, 267 (App. Div. 2013). As our Supreme Court explained in <u>Judson</u>:

> Where, as here, the opposing party charges the moving party with willful fraud and must probe the conscience of the moving party . . . to prove his case, or in any case where the subjective elements of willfulness, intent or good faith of the moving party are material to the claim or defense of the opposing party, a conclusion from papers alone that palpably there exists no genuine issue of material fact will ordinarily be very difficult to sustain. The telltale factor of demeanor in the presence of the trier of fact often assumes such vital importance in such cases that the opposing party should generally not be denied the opportunity to have the moving party, or its officers, appear on the witness stand before the trial of fact.

[17 N.J. at 76.]

Defendant Lowes was nonetheless entitled to summary judgment as a matter of law, R. 4:46-2, because plaintiff failed to establish an essential element of the fraud-related claims. To make a prima facie case of fraud, a plaintiff must show damages, among other things. Weil v. Express Container Corp., 360 N.J. Super. 599, 612–13 (App. Div. 2003). To prove negligent misrepresentation, the plaintiff must show he or she was injured as a consequence of relying upon the false statement. Carroll v. Cellco P'ship, 313 N.J. Super. 488, 502 (App. Div. 1998). To show unjust enrichment, the plaintiff must have expected remuneration and the defendant's failure to give remuneration must have unjustly enriched the defendant. EnviroFinance Grp., LLC v. Env't Barrier Co., 440 N.J. Super. 325, 350 (App. Div. 2015).

In sum, all of the fraud-related causes of action that were summarily dismissed require proof that plaintiff suffered quantifiable damages as a result of a wrong committed by defendant. But, as we have already noted, the closure of her driveway does not constitute a quantifiable loss because she had no right to a particular access point so long as she retained reasonable access to the State's streets and highways. Indeed, as we have noted, it is not disputed that the agreement between plaintiff and Lowes expressly contemplated that the original driveway would be removed. Furthermore, DOT's determination to revoke access to the original driveway was the result of DOT's independent finding that the driveway violated the code, not because of any fraudulent misrepresentation Lowes allegedly made to the Township or DOT. Accordingly, we conclude that, as a matter of law, any fraudulent misrepresentations made by Lowes did not result in a compensable injury suffered by plaintiff.

To the extent we have not addressed them, any additional arguments raised by plaintiff lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0961-18