**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0696-24

KEITH FRANKEL, DENNIS
KLEIN, and ALBA PENNISI,

    Plaintiffs-Appellants,

v.

BOROUGH OF NORTH
CALDWELL and GREEN BROOK
REALTY ASSOCIATES, LLC,

    Defendants-Respondents.

_____

Argued December 9, 2025 – Decided May 27, 2026

Before Judges Rose, DeAlmeida and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6344-23.

Anthony S. Bocchi argued the cause for appellants (Bocchi Law LLC, attorneys; Anthony S. Bocchi, Jennifer L. Bocchi, Mark A. Fantin and Ryan P. Duffy, of counsel and on the briefs).

Jarrid H. Kantor argued the cause for respondent Borough of North Caldwell (Antonelli Kantor Rivera

PC, attorneys; Jarrid H. Kantor, of counsel and on the briefs; Michael A. Sabony and Alyssa M. Blue, on the brief).

Stephen R. Catanzaro argued the cause for respondent Green Brook Realty Associates, LLC (Day Pitney LLP, attorneys; C. John DeSimone, III, of counsel and on the briefs; Stephen R. Catanzaro, on the briefs).

PER CURIAM

Plaintiffs Keith Frankel, Dennis Klein, and Alba Pennisi appeal from companion September 25, 2024 orders dismissing without prejudice their amended complaint in lieu of prerogative writs on Rule 4:6-2(e) motions separately filed by defendants Borough of North Caldwell (Borough) and Green Brook Realty Associates, LLC (Green Brook).  In his oral decision accompanying the orders, the trial judge determined plaintiffs' complaint failed to state a cause of action and constituted a collateral attack on a final order issued in another Law Division matter.  Having reviewed the record de novo, see Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021), we discern no basis to disturb the dismissal orders.  We therefore affirm.

I.

This appeal has its genesis in the Borough's 2015 Mount Laurel[1] declaratory judgment action, In re Application of the Borough of North Caldwell, County of Essex, Docket No. ESX-L-4696-15. In the Mount Laurel action, the Borough sought a final judgment of compliance and repose (JOR) approving its housing element and fair share plan (affordable housing plan). We glean from the record, the Fair Share Housing Center (FSHC) participated in the action as an interested party and thereafter intervenor for settlement purposes. At some point, Green Brook, owner of the Green Brook Country Club (GBCC), "approached the Borough about a possible project on the [GBCC]" and became an interested party.

Pertinent to this appeal, Green Brook and the Borough agreed to develop affordable housing on Green Brook's property and executed a settlement agreement on December 11, 2018 (GB Settlement Agreement). Pursuant to the terms of the GB Settlement Agreement, the Borough agreed to rezone Green Brook's property to permit inclusionary residential overlay (IRO) zoning: an assisted living facility with between 80 and 130 beds; 160 market-rate age restricted units; between 89 and 99 non-age restricted townhomes; and 50

---

[1] S. Burlington Cnty. NAACP v. Twp. of Mount Laurel, 67 N.J. 151 (1975).

A-0696-24

affordable units, half of which would be age restricted.  The Borough's rezoning also required Green Brook to dedicate twelve acres of land to the Borough (Land Dedication).

Following the January 25, 2019 duly noticed fairness hearing, on February 15, 2019, the Mount Laurel court issued an order approving the GB Settlement Agreement and an agreement between the Borough and the FSHC.  On October 8, 2019, the court issued a conditional JOR.  On August 3, 2020, the court issued a final JOR finding the Borough satisfied its affordable housing obligations.

Thereafter, the Borough and Green Brook negotiated an amendment to the GB Settlement Agreement.  On August 15, 2023, the Borough adopted a resolution authorizing the Borough to execute a memorandum of understanding (MOU) with Green Brook concerning the GBCC's future development.  The MOU further provided Green Brook and the Borough

> s[ought] to repeal the IRO zoning to remove the age-targeted housing, the assisted living use, all three- and four-story buildings, and the restaurant/banquet use and replace it with 100% age-restricted housing as recognized under the Federal Fair Housing Act . . . and with the same affordable housing obligation (the "SIRO[2] Zoning").  The SIRO Zoning w[ould] not require [Green Brook] to make the Land Dedication.

---

[2]  SIRO is the acronym for "senior inclusionary residential overlay."

A-0696-24

On August 16, 2023, the Borough and Green Brook executed the MOU.

On September 29, 2023, plaintiffs filed their initial verified complaint in lieu of prerogative writs. In their two-count complaint, plaintiffs challenged the MOU, and the resolution authorizing the MOU, in the Mount Laurel matter. Contending the MOU violated the February 15, 2019 order approving the GB Settlement Agreement, plaintiffs sought, among other relief, declarations that the MOU and resolution were void.

On November 13, 2023, the Borough adopted several resolutions to further their amendment of the GB Agreement. On November 27, 2023, the Borough and Green Brook executed an amended settlement agreement, modifying the zoning plan and a discharge agreement, discharging the Borough's right to the Land Dedication. The following month, the Borough adopted the SIRO Zoning by ordinance.

By correspondence dated December 28, 2023, the Borough submitted to the Mount Laurel court a proposed post-judgment consent order (PJCO) on its behalf and that of Green Brook and the FSHC. The parties requested the court "determin[e] the SIRO Zoning and [a]mended [GB] Settlement Agreement [wa]s consistent with the amended [affordable housing plan] of the Master Plan and

A-0696-24

that the change from the original IRO Zoning to the SIRO Zoning [wa]s consistent with the 2020 [f]inal [JOR]."

On January 11, 2024, the Mount Laurel court issued the PJCO approving the parties' agreement.  At that point in the Mount Laurel action, plaintiffs had not moved to intervene.

Four days later, on January 15, 2024, plaintiffs filed their amended verified complaint.  In their five-count amended complaint, plaintiffs challenged the Borough's resolutions, ordinances, and the settlement agreements underpinning the PJCO.

In February 2024, the Borough and Green Brook separately filed answers and asserted affirmative defenses contending the amended complaint was barred under the doctrines of res judicata, collateral estoppel, and issue preclusion. Green Brook also asserted a judicial estoppel affirmative defense.

By correspondence dated March 27, 2024, plaintiffs' counsel advised the Mount Laurel court of the prerogative writs action.  In particular, counsel noted the prerogative writs action "challenge[d] the amended settlement agreement between the Borough . . . and Green Brook . . . , which formed the basis for [the PJCO]."  Plaintiffs' counsel objected to entry of the PJCO in the Mount Laurel action, claiming the Borough and Green Brook knew about plaintiffs' "challenge

6

to their efforts to modify the Borough's affordable housing plan when the Borough submitted the [proposed PJCO]." Counsel further claimed "the [PJCO] was submitted to the [c]ourt without notice to [plaintiffs] and . . . without advising the [c]ourt of the related litigation" in the prerogative writs matter. Plaintiffs' counsel sought from the Mount Laurel court "some direction as to whether a motion to intervene" or "some other mechanism" was required to request reconsideration of the January 11, 2024 PJCO.

Green Brook's attorney filed responding correspondence objecting to plaintiffs' improper solicitation for advice from the Mount Laurel court. Green Brook's attorney further noted plaintiffs had not intervened in the Mount Laurel action and, as such, their request was improper and untimely.

On May 23, 2024, the Borough and Green Brook moved to dismiss the amended complaint on similar grounds. Thereafter, for the first time in the Mount Laurel action,[3] plaintiffs moved to intervene in, and consolidate the prerogative writs matter with, the Mount Laurel action. Green Brook cross-moved to intervene "for the purpose of defending against any claims asserted or

---

[3] We glean from the record plaintiffs initially filed their motion on June 21, 2024; Green Brook cross-moved to intervene, and the court denied their motions without prejudice. On August 28, 2024, plaintiffs refiled their motion and thereafter Green Brook refiled its cross-motion.

arguments raised by [plaintiffs]." The motions were pending when the trial judge in the prerogative writs action issued the September 25, 2024 orders on the dismissal motions.

In his oral decision accompanying the orders, the trial judge rejected plaintiffs' contention that the PJCO was void ab initio. The judge found plaintiffs' amended complaint was not the proper vehicle to challenge the order. Acknowledging the liberal pleading analysis required under Rule 4:6-2(e) dismissal motions, the judge nonetheless recognized "the isolated events . . . sort of all roll[ed] back into the settlement agreement, the consent order." Recognizing plaintiffs' motion to intervene was pending in the Mount Laurel matter, the judge was satisfied dismissing plaintiffs' prerogative writs action would not deny plaintiffs their opportunity to be heard. The judge concluded, here however, plaintiffs' claims constituted "a collateral attack on the whole proceedings" in the Mount Laurel matter. The judge issued memorializing orders on September 25, 2024. This appeal followed.

In their merits brief, plaintiffs raise two arguments. Initially, plaintiffs contend the trial judge "failed to apply the liberal pleading standard" for Rule 4:6-2(e) motions "and ignored cognizable, independent claims." Secondly, citing our decision in East/West Venture v. Borough of Fort Lee, 286 N.J. Super.

8

311 (App. Div. 1996), plaintiffs claim the judge failed to consolidate both actions.

While plaintiffs' appeal was pending, we were informed the <u>Mount Laurel</u> court granted plaintiffs' motion to intervene on June 27, 2025, finding "there [we]re common questions of law or fact" under <u>Rule</u> 4:33-2. The court denied as moot plaintiffs' motion to consolidate the <u>Mount Laurel</u> action with their prerogative writs action in view of the September 25, 2024 orders dismissing plaintiffs' complaint against the Borough and Green Brook. The <u>Mount Laurel</u> court also denied the Borough's ensuing reconsideration motion.

At our request, prior to oral argument before us, the parties filed supplemental briefs addressing whether the June 27, 2025 order granting plaintiffs' motion to intervene in the Mount Laurel action "affect[ed] the posture of the present appeal, and, if so, how. In particular, are both points raised in plaintiffs' merits brief now moot?"

In their supplemental submissions, all parties advised, on October 17, 2025, the <u>Mount Laurel</u> court issued orders granting motions to dismiss

plaintiffs' counterclaim filed by the Borough and Green Brook, and denying plaintiffs' cross-motion for summary judgment.[4]

In their supplemental letter brief, plaintiffs argue the Mount Laurel dismissal demonstrates they did not have an "alternative forum" to pursue their claims. Plaintiffs claim their "non-Mount Laurel claims, (e.g., contract zoning, statutory violations), are outside the scope of a Mount Laurel compliance proceeding and can only be adjudicated in a prerogative writs action."

In their separately filed submissions, the Borough and Green Brook argue plaintiffs' claims in the prerogative writs action were rendered moot because the Mount Laurel court permitted plaintiffs to intervene in that matter. In its supplemental brief, Green Brook asserts plaintiffs "no longer face any purported harm or unresolved issues" because the Mount Laurel court afforded plaintiffs an opportunity to address their substantive claims. Green Brook further notes, as of the date of its submission, the time to appeal from the adverse Mount Laurel orders had not expired.[5] In its supplemental letter brief, the Borough

---

[4] Plaintiffs included only the orders granting the dismissal motions and did not provide the transcript of the court's oral decision referenced in the orders.

[5] According to this court's electronic Appellate Case Management System, on May 11, 2026, plaintiffs filed a notice of appeal from a March 27, 2026 order in the Mount Laurel action denying their motion for reconsideration, Docket No.

A-0696-24

argues the <u>Mount Laurel</u> court "heard and rejected the very issues" pending in this court and previously rejected by the trial judge in this matter.

## II.

We review an order granting a motion to dismiss de novo. <u>Baskin</u>, 246 N.J. at 171. Similar to the trial court, a reviewing court assesses only the "legal sufficiency" of the claim based on "the facts alleged on the face of the complaint." <u>Green v. Morgan Props.</u>, 215 N.J. 431, 451 (2013) (quoting <u>Printing Mart-Morristown v. Sharp Elecs. Corp.</u>, 116 N.J. 739, 746 (1989)). Courts may consider "allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." <u>Banco Popular N. Am. v. Gandi</u>, 184 N.J. 161, 183 (2005) (quoting <u>Lum v. Bank of Am.</u>, 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

## A.

We have long recognized "any attempt in a separate and independent proceeding to question the integrity and validity of any adjudication in another proceeding and challenge its existence as valid and binding constitutes a collateral attack." <u>Catabene v. Wallner</u>, 16 N.J. Super. 597, 601 (App. Div.

A-3086-25. Green Brook cross-appealed and filed a notice of appeal from a finding in that order and several prior adverse rulings in the same action, Docket No. A-3090-25. Briefs have not yet been filed in those appeals.

1951).  Ordinarily, collateral attacks are not cognizable, unless the judgment was grounded in "fraud or a lack of jurisdiction or similarly cogent equitable reasons."  Kingsley v. Wes Outdoor Advert. Co., 59 N.J. 182, 188 (1971).

Collateral attacks are barred in the interests of repose.  Reaves v. Egg Harbor Twp., 277 N.J. Super. 360, 363 (Ch. Div. 1994).  "The rationale for the rule is that, in general, even 'bad' results are better left undisturbed, rather than suffer the unpredictability of events that results from permitting endless judicial attacks."  Ibid. (citing United States v. Throckmorton, 98 U.S. 61, 68-70 (1878)).

Instead of pursuing their rights in the Mount Laurel action prior to filing their prerogative writs complaint, plaintiffs sought relief pursuant to an inappropriate collateral attack on the January 11, 2024 PJCO.  Plaintiffs did not move to intervene in the Mount Laurel action before the PJCO was issued.  Indeed, plaintiffs' initial intervention motion was filed more than five months after the PJCO was issued.  Nor have plaintiffs demonstrated the parties to the PJCO committed fraud, the Mount Laurel court lacked jurisdiction to hear the matter, or any other equitable reason justified an attack on the PJCO.

Moreover, the trial judge in the prerogative writs action denied plaintiffs' motion without prejudice, expressly recognizing their motion to intervene in the Mount Laurel action was pending when he issued the dismissal orders.  On this

12

record, we discern no error in the judge's decision dismissing plaintiffs' amended verified complaint without prejudice. We conclude, as did the trial judge, plaintiffs were not left without a forum to address their claims. Indeed, after the trial judge issued his decision, the Mount Laurel court granted plaintiffs' motion to intervene.

B.

Little need be said regarding plaintiffs' argument that the trial judge in the present matter failed to consolidate their prerogative writs action with the Mount Laurel action. Seemingly raised for the first time during oral argument before the trial judge, plaintiffs' counsel cited the pending motion in the Mount Laurel action and asserted: "I don't want two separate actions with two separate sets of orders. That's exactly what has happened up to this point. So, we're seeking to consolidate these matters, whether it's before [this court], whether it's before [the Mount Laurel court], however th[is] court wants to determine it."

In his decision, the trial judge did not decide the consolidation issue. Although we recognize the Mount Laurel court later denied the consolidation motion because the trial judge dismissed plaintiffs' prerogative writs complaint, at the time the trial judge issued his decision, plaintiffs' motion was pending in

13

the Mount Laurel action – and that court has since granted their motion to intervene.

We therefore conclude plaintiffs' oral application to consolidate the matters before the trial judge was rendered moot by their then pending motion to consolidate before the Mount Laurel court. See In re N.J. Dep't of Env't Prot. Conditional Highlands Applicability Determination, 433 N.J. Super. 223, 234 (App. Div. 2013) ("An issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." (quoting Greenfield v. N.J. Dep't of Corrs., 382 N.J. Super. 254, 257-58 (App. Div. 2006))).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0696-24