**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4149-23

MAGDI FAISAL,

      Plaintiff-Respondent,

v.

JAEHYUK CHOE,

      Defendant-Appellant.

_____

        Submitted May 27, 2025 – Decided June 12, 2025

        Before Judges Gooden Brown and Smith.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5497-23.

        Law Office of Will Kang, LLC, attorney for appellant (Will Kang, on the brief).

        Respondent has not filed a brief.

PER CURIAM

    In this landlord-tenant dispute, defendant Jaehyuk Choe appeals from the July 19, 2024 Law Division order denying his motion for reconsideration of an

order denying his motion to vacate default judgment pursuant to Rule 4:50-1. We affirm.

We glean these facts from the record. On February 18, 2021, plaintiff Magdi Faisal filed a pro se complaint seeking "back [and] current rent" from defendant in the Special Civil Part (the first matter). Defendant filed an answer and counterclaim.[1] On August 12, 2021, plaintiff filed a second pro se complaint against defendant in the Special Civil Part seeking "back rent" and damages for his apartment (the second matter). Defendant did not file an answer.

On September 29, 2021, defendant filed a motion to transfer both matters from the Special Civil Part to the Law Division, despite having not answered the second matter (the transfer motion). A judge granted the transfer motion on February 22, 2022. However, by the time the transfer motion was filed, plaintiff had moved for default and default judgment in the second matter, both of which had been granted. Thereafter, plaintiff filed various enforcement actions in an attempt to collect on the judgment, resulting in several turnover applications.

In a January 17, 2024 order, Judge Peter G. Geiger, who was not the judge who had granted the transfer motion, denied defendant's motion to reinstate the

---

[1] The first matter had a trial date of March 4, 2024, but defendant failed to appear and default was entered. At the reconsideration hearing, the trial judge dismissed the first matter with prejudice and without opposition from plaintiff.

case, as the transferred matter had been "closed" for the past twenty-two months due to defendant's failure to pay a filing fee. According to Judge Geiger's order, at the time defendant filed the transfer motion, he had already been "in default" in the second matter for a month and therefore "had no legal right to seek transfer" since "he was not an active party." Further, Judge Geiger wrote in the January 17 order that "defendant's motion sought transfer by the court, not consolidation," and that the transfer to the Law Division "did not alter the judgment against . . . defendant."

In an April 26, 2024 order, Judge Kevin P. Kelly denied defendant's motion to vacate default and default judgment in the second matter. Thereafter, defendant moved for reconsideration of Judge Kelly's order, which was denied on July 19, 2024.[2] In an oral opinion on the record, Judge Kelly explained he had denied the motion to vacate because "the remedy should have been either an appeal of Judge Geiger's order, or a reconsideration of Judge Geiger['s order]," and defendant failed to pursue either remedy.

Further, Judge Kelly reasoned:

---

[2] At oral argument, Judge Kelly stated that defendant erroneously filed the motion for reconsideration under Docket Number 5497-23, which was associated with the first matter, even though the motion for reconsideration pertained to the second matter and should have been filed under Docket Number 5498-23.

A-4149-23

Default judgment . . . was proper because as ruled by Judge Geiger in his January 17, 2024 order, defendant was in default in [the second matter] when his motion to transfer was filed.

Judge Geiger properly made the determination defendant had no legal right to seek transfer of the matter wherein he was not an active party.

. . . The [default] judgment in [the second matter] was entered a month prior to the filing of defendant's motion to transfer, and the transfer of this matter to the Law Division did not alter the judgment against . . . defendant.

Judge Geiger has determined that that [default] judgment remains valid and enforceable.

Judge Kelly concluded there was no basis to reconsider Judge Geiger's ruling and entered a memorializing order to that effect.

On appeal, defendant argues the denial of his motion for reconsideration was erroneous because he was entitled to relief from the default judgment under Rule 4:50-1(a) or (f).

We review a trial judge's denial of a motion for reconsideration under Rule 4:49-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). An abuse of discretion arises when a decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571

4

(2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir. 1985)).

A motion for reconsideration is not an opportunity to "expand the record and reargue a motion," but is "designed to seek review of an order based on the evidence before the court on the initial motion, not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (citation omitted). As such, reconsideration is only appropriate where (1) "the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis," or (2) "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

Motions to set aside a judgment are governed by Rule 4:50-1 and are also reviewed for an abuse of discretion. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). Rule 4:50-1 allows a trial court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect," R. 4:50-1(a), or "any other reason justifying relief from the operation of the judgment," R. 4:50-1(f). A motion under subsection (a) of the Rule must be

5

made within one year of the judgment, and under subsection (f), "within a reasonable time." R. 4:50-2. In determining whether a motion was made within a reasonable time, the court must consider "the surrounding circumstances including the length of time that has passed and a due consideration for competing rights and interests which have come to exist." Friedman v. Monaco & Brown Corp., 258 N.J. Super. 539, 543 (App. Div. 1992); see also Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021) (explaining that a reasonable time under the Rule "could be more or less than one year after the judgment, depending on the circumstances").

Under subsection (a), a "defendant seeking to set aside a default judgment must establish that [the] failure to answer was due to excusable neglect and that [the defendant] has a meritorious defense." Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012) (quoting Goldhaber v. Kohlenberg, 395 N.J. Super. 380, 391 (App. Div. 2007)). Excusable neglect refers to a default that is "attributable to an honest mistake that is compatible with due diligence or reasonable prudence." Ibid. (quoting US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 468 (2012)). The type of mistake warranting relief under the Rule is one that the party could not have protected themselves against. DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 263 (2009).

6                                                                                    A-4149-23

"[R]elief from judgments pursuant to R[ule] 4:50-1(f) requires proof of exceptional and compelling circumstances." Harrington v. Harrington, 281 N.J. Super. 39, 48 (App. Div. 1995). In determining whether such exceptional circumstances exist to warrant relief, the court considers the following factors: "(1) the extent of the delay in making the application; (2) the underlying reason or cause; (3) the fault or blamelessness of the litigant; and (4) the prejudice that would accrue to the other party." Parker v. Marcus, 281 N.J. Super. 589, 593 (App. Div. 1995). "[T]o establish the right to such relief," a party must show that "enforcement of the order or judgment would be unjust, oppressive or inequitable." Harrington, 281 N.J. Super. at 48.

Rule 4:50-1 is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Baumann v. Marinaro, 95 N.J. 380, 392 (1984) (quoting Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 120 (1977)). As such, generally, a motion for relief under Rule 4:50-1 should be granted "'sparingly [and only] in exceptional situations . . . in which, were it not applied, a grave injustice would occur.'" Badalamenti by Badalamenti v. Simpkiss, 422 N.J. Super. 86, 103 (App. Div. 2011) (alteration and omission in original) (quoting Little, 135 N.J. at 289). The

A-4149-23

movant bears the burden of demonstrating his or her entitlement to relief under the Rule. See Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003).

Applying these principles, we discern no abuse of discretion in the denial of defendant's reconsideration motion. We are satisfied defendant has failed to show a compelling reason why he is entitled to relief under Rule 4:50-1 after allowing the matter to remain in default for nearly two years. We also reject defendant's contention that he demonstrated excusable neglect under subsection (a) due to his mistaken belief that the first and second matters had been consolidated. Defendant conceded during oral argument on the reconsideration motion that there was no order of consolidation in the record. Even if his neglect was excusable, defendant did not seek relief within one year as required under Rule 4:50-2. As such, we see no basis to disturb the judge's ruling.

To the extent we have not specifically addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-4149-23