**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1495-23

LITTLE HARRIS,

    Plaintiff-Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Defendant-Respondent.

_____

Submitted December 9, 2025 – Decided December 18, 2025

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4033-18.

Little Harris, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Elizabeth Merrill, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Little Harris appeals from two Law Division orders: (1) a May 26, 2023 order denying his motion to reopen a matter closed after he was granted leave to file a late notice of tort claim against defendant Department of Corrections (DOC); and (2) a September 8, 2023 order denying his motion for reconsideration of the May 26, 2023 order. We affirm.

I.

Plaintiff is an inmate in the custody of DOC. On June 8, 2018, plaintiff filed a motion in the Law Division seeking leave to file a late notice of tort claim against DOC pursuant to N.J.S.A. 59:8-9. Plaintiff's motion papers did not describe the nature of his alleged claim or the date on which the claim accrued. However, plaintiff filed an affidavit stating his vision was "damaged by the incident," he was "kept in isolation" at Northern State Prison (NSP) for a month thereafter, and subsequently transferred to the mental health unit of South Woods State Prison (SWSP), where he was unable to access the law library until December 2017. DOC did not oppose the motion.

On July 6, 2018, the court entered an order granting plaintiff's motion. With plaintiff's motion resolved, the court administratively closed the matter.

Over the next nearly five years, plaintiff did not file a notice of tort claim with DOC. Nor did he file a complaint alleging a tort claim against DOC.

A-1495-23

On April 25, 2023, plaintiff moved under the closed docket number "to reopen the case" to "allow [him] to proceed under normal standards." Presumably, plaintiff sought to reopen the matter to obtain a second order permitting him to file a late notice of tort claim against DOC concerning the same alleged claim addressed in his first motion.

In support of his motion, plaintiff filed a certification alleging on an unspecified date he was assaulted by corrections officers during a medical escort while housed at NSP. Plaintiff alleged he suffered serious physical injuries during the assault. According to the certification, after the incident, plaintiff was transferred to SWSP, but "most of his legal documents, and misc. paperwork" was not delivered to him with his other property. Although plaintiff received a blank notice of tort claim form in 2018 from another inmate, he did not complete it or file it with DOC. In 2022, plaintiff was transferred to New Jersey State Prison and again lost legal documents during the move. Plaintiff certified he is visually impaired and relies on others to assist him in performing most of his daily functions. He argued these circumstances prevented him from filing a notice of tort claim after issuance of the July 6, 2018 order. DOC did not oppose the motion.

A-1495-23

On May 26, 2023, the court issued an order denying the motion, which it treated as a request to vacate a judgment pursuant to Rule 4:50-1(f).  The court concluded:

> Plaintiff's [m]otion is DENIED:  an [o]rder permitting a late notice of tort claim was granted on June 8, 2018[1] but no complaint was timely filed and the two[-]year statute of limitations has long expired; Plaintiff has not demonstrated any of the bas[e]s to vacate the prior dismissal per [Rule] . . . 4:50-1; and the time to file this motion is more than one year ago; See [Rule] . . . 4:50-2 . . . .

On August 14, 2023, plaintiff moved "to reopen the case."  In support of the motion, plaintiff filed the same certification he filed with his April 25, 2023 motion.

On September 8, 2023, the court issued an order denying the motion, which it considered a request for reconsideration of the May 26, 2023 order.  The court found "[p]laintiff failed to provide an adequate basis to reconsider" the prior order.  This appeal followed.

---

[1]  Although the court stated the prior order was issued on June 8, 2018, that is the date on which plaintiff moved for leave to file a late notice of tort claim. The order granting the motion was issued on July 6, 2018.

Plaintiff's brief recounts in detail his recollection of an alleged assault by corrections officers at NSP on a "forgotten month and day at 8:00." The brief concludes:

> The trial court should grant the plaintiff judgment against the DOC, and amount to be determined. Being that plaintiff was injured and beaten without receiving medical care at the hospital [(sic)]. Nor was there a quasi-judicial procedure done. It was left to diminish over time [(sic)].
>
> Records and dates have been lost due to movements from prison to prison. Dates of events, accuracy of events have been lost. Please accept this brief.

Plaintiff's brief contains no legal citations or arguments challenging the orders he appeals.

## II.

The motion court viewed plaintiff's April 25, 2023 motion to reopen the matter as a request for relief under Rule 4:50-1(f). That rule provides:

> [o]n motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: . . . (f) any other reason justifying relief from the operation of the judgment or order.

Relief under this provision is available only when "truly exceptional circumstances are present." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)). "The

5

A-1495-23

movant must demonstrate the circumstances are exceptional and enforcement of the judgment or order would be unjust, oppressive or inequitable." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999).

In addition, when determining whether a party should be relieved from a judgment or order, courts must balance "the strong interests in the finality of litigation and judicial economy with the equitable notion that justice should be done in every case." Jansson v. Fairleigh Dickinson Univ., 198 N.J. Super. 190, 193 (App. Div. 1985). "[J]ustice is the polestar and our procedures must ever be moulded and applied with that in mind." Id. at 195 (quoting N.J. Highway Auth. v. Renner, 18 N.J. 485, 495 (1955)).

A motion under Rule 4:50-1(f) must be "made within a reasonable time" after entry of the judgment. R. 4:50-2. When determining whether a motion has been made within a reasonable time, the court must consider "the surrounding circumstances including the length of time that has passed and a due consideration for competing rights and interests which have come to exist." Friedman v. Monaco & Brown Corp., 258 N.J. Super. 539, 543 (App. Div. 1992) (citing City of Newark v. (497) Block 1854, Lot 15, 244 N.J. Super. 402 (App. Div. 1990)).

An application to set aside an order pursuant to Rule 4:50-1 is addressed to the motion judge's sound discretion, which should be guided by equitable principles. Little, 135 N.J. at 283. The trial court's determination is entitled to substantial deference and will not be reversed in the absence of a clear abuse of discretion. US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). To warrant reversal, plaintiff must show that the decision denying his motion was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Ibid. (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (internal quotations omitted)). We also review a court's decision on a reinstatement motion for abuse of discretion. Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007).

Although N.J.S.A. 59:8-9 allows for the filing of a motion for leave to file a late notice of tort claim, that application does not constitute the initiation of a civil cause of action, even if the motion is granted. W.S. v. Hildreth, 252 N.J. 506, 521 (2023) ("[A] court's decision to authorize a claimant to file a late notice of claim does not itself commence a civil action."). The Tort Claims Act (TCA), N.J.S.A. 59:8-1 to 8-11, "carefully distinguishes between (1) the service of a notice of claim, (2) a motion for leave to file a late notice of claim, and (3) the filing of a lawsuit." Id. at 519. "[N]either the service of a notice of claim, nor

7

an application to the court for permission to file a late notice of claim, constitutes 'fil[ing] suit in an appropriate court of law.'" Ibid. (quoting N.J.S.A. 59:8-8).

The relief sought in plaintiff's June 8, 2018 motion for leave to file a late notice of claim was granted in full when the court issued the July 6, 2018 order. The matter, therefore, was closed.

For nearly five years, plaintiff failed to file a late notice of tort claim. We agree with the motion court that by the time plaintiff sought to reopen the matter, the relief he requested would have been futile. Presumably, plaintiff sought to reopen the matter to obtain a second order granting him leave to file a late notice of tort claim against DOC. However, plaintiff's tort claim must have arisen prior to June 8, 2018, the day he filed his motion for leave to file a late notice of tort claim. In addition, plaintiff's filing of the motion establishes he was aware of the claim as of June 8, 2018.

N.J.S.A. 59:8-9 creates the court's authority to grant leave to file a late notice of tort claim, but provides "in no event may any suit against a public entity or a public employee arising under [the TCA] be filed later than two years from the time of the accrual of the claim." As of April 25, 2023, plaintiff's claim had accrued at least four years and nine months earlier. Thus, plaintiff's claim against DOC was time barred as of April 25, 2023. The filing of a late notice of

A-1495-23

tort claim would have been a pointless endeavor. It was, therefore, reasonable for the court to deny plaintiff's motion to reopen the matter in 2023. We also note our agreement with the motion court's finding the nearly five-year delay in seeking relief from the July 8, 2018 order was an unreasonable amount of time to seek relief under Rule 4:50-2. We find no basis on which to reverse the May 26, 2023 order.

We reach the same conclusion with respect to the validity of the September 8, 2023 order. Rule 4:49-2 provides:

> Except as otherwise provided by [R.] 1:13-1 (clerical errors), a motion for rehearing or reconsideration seeking to alter or amend a final judgment or order shall . . . state with specificity the basis on which it is made, including a statement of the matters or controlling decisions that counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or final order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87 (2010)); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either

failed to consider or "appreciate the significance of probative, competent evidence," or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application." Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).

The moving party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401. A motion for reconsideration is not an opportunity to "expand the record and reargue a motion. . . . [It] is designed to seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Cap. Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

Plaintiff's reconsideration motion was merely a refiling of his earlier motion to reopen the matter. He identified no grounds warranting reconsideration of the May 26, 2023 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

10